UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IYAN MAYES,

    Plaintiff,

v.

CORIZON HEALTH INC., MICHELLE
L. SCHILCZ, ANGELA K. BROWN,
MARK A. BOOMERSHINE, DR.
NEWTON, HEIDI WASHINGTON,
HUGH WOLFENBARGER, PATRICK
J. GEML, VIVIAN JOHNSON, SHIRLEE
HARRY, and DAWN E. NEHIS,

    Defendants.
_____/

Civil Action No. 2:12-cv-14681
Honorable Denise Page Hood

## OPINION AND ORDER
## SUMMARILY DISMISSING PLAINTIFF'S CIVIL RIGHTS COMPLAINT AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

This is a prisoner civil-rights action filed, under 42 U.S.C. § 1983, by Plaintiff Iyan Mayes, a state inmate currently incarcerated by the Michigan Department of Corrections at the Charles Egeler Reception and Guidance Center in Jackson, Michigan. Mayes filed this civil-rights complaint asserting that Defendants violated his rights under the Eighth Amendment, in denying him the necessary medical treatment for his back and neck after he slipped and fell at the facility. He seeks injunctive relief and punitive damages for the alleged violations.

The Court has granted Mayes permission to proceed without prepayment of the fees and costs for this action. Under the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim

upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Mayes's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 1733 (1992). Applying those standards, Mayes's action will be dismissed because he fails to state a claim for relief.

I.

Plaintiff states the following:

On February 25, 2011[,] I had a slip and fall at the Charles Egeler Reception and Guidance Center[.] I was seen by RN Michelle L[.] Schulcz (sic) and sent to the ER at Duane L. Waters Health Center and seen by Dr. Newton[,] who took and (sic) X-ray and 30 minutes later sent me back to see RN Michelle L. Schultz[,] who gave me a walking cane and sent me back to my block. On March 1st 2011[,] I had my second fall and could not get up unassisted. I was seen by RN Angela K. Brown with nothing done. During this time[,] I was Seen by P.A. Mark A. Boomershine and he told me that nothing could be done and did nothing. I went through the states (sic) grievance process and did not get any kind of help from them. I was transferred from the Reception & Guidance to Macomb Regional Correctional Facility and once again I tried to get the proper medical treatment and was first seen by P.A. Patrick GEml and as with other staff[,] he did nothing for my back or my neck. I was then seen by Dr. Vivian Johnson and the only thing that she did was give me a wheelchair for long walking. I was again transferred to Pugsley Correctional Facility[.] I once again tried to get the medical help for my back and neck from P.A. Dawn Nehis and still nothing was done. The defendants knew about the plaintiffs (sic) serious medical needs while he was at the Charles Egele (sic) Reception & at the other facility's (sic) and failed to respond to his serious medical condition and needs even after plaintiff fall (sic) twice. Because of this the defendants failing to get the proper medical treatment for his pain and his falls to Cruel and Unusual Punishment and Deliberate Indifference in violation of the Eight (sic) Amendment of the United States Constitution.

Pl.'s Compl. 4-5.

2

upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Mayes's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 1733 (1992). Applying those standards, Mayes's action will be dismissed because he fails to state a claim for relief.

I.

Plaintiff states the following:

> On February 25, 2011[,] I had a slip and fall at the Charles Egeler Reception and Guidance Center[.] I was seen by RN Michelle L[.] Schulcz (sic) and sent to the ER at Duane L. Waters Health Center and seen by Dr. Newton[,] who took and (sic) X-ray and 30 minutes later sent me back to see RN Michelle L. Schultz[,] who gave me a walking cane and sent me back to my block. On March 1st 2011[,] I had my second fall and could not get up unassisted. I was seen by RN Angela K. Brown with nothing done. During this time[,] I was Seen by P.A. Mark A. Boomershine and he told me that nothing could be done and did nothing. I went through the states (sic) grievance process and did not get any kind of help from them. I was transferred from the Reception & Guidance to Macomb Regional Correctional Facility and once again I tried to get the proper medical treatment and was first seen by P.A. Patrick GEml and as with other staff[,] he did nothing for my back or my neck. I was then seen by Dr. Vivian Johnson and the only thing that she did was give me a wheelchair for long walking. I was again transferred to Pugsley Correctional Facility[.] I once again tried to get the medical help for my back and neck from P.A. Dawn Nehis and still nothing was done. The defendants knew about the plaintiffs (sic) serious medical needs while he was at the Charles Egele (sic) Reception & at the other facility's (sic) and failed to respond to his serious medical condition and needs even after plaintiff fall (sic) twice. Because of this the defendants failing to get the proper medical treatment for his pain and his falls to Cruel and Unusual Punishment and Deliberate Indifference in violation of the Eight (sic) Amendment of the United States Constitution.

Pl.'s Compl. 4-5.

II.

A complaint may be dismissed for failure to state a claim if it fails "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted).

The Court must determine whether Mayes's Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' [ ] it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1955). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged– but it has not 'shown]'–that the pleader is entitled to relief." *Id.*, 556 U.S. at 679, 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a) (2)); *see also Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and

1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 811 (1994).

III.

A.

As an initial matter, Mayes's claims against defendants Washington, Wolfenbarger, and Harry must be dismissed because he has failed to allege any facts demonstrating the personal involvement of those defendants in the events giving rise to his Complaint. It is well-settled that a civil-rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See*, e.g., *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 691-92, 98 S.Ct. 2018, 2036-37 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior*); *Turner v. City of Taylor*, 412 F.3d 629, 643) (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so with respect to these defendants. Any claim that these defendants failed to properly supervise other employees, should be vicariously liable for employees' actions or inaction, did not

respond to the situation, or erred in denying his grievances is insufficient to state a claim under section 1983.

Plaintiff also has not alleged facts showing that any injury he may have suffered as the result of any policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims). Conclusory allegations are insufficient to state a civil-rights claim under section 1983. *See*, e.g., *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (stating that Federal Rule of Civil Procedure 8 demands more than "unadorned" accusations and that a complaint must contain more than "naked assertions" of improper conduct). Mayes's claims against defendants Washington, Wolfenbarger, and Harry therefore must be dismissed.

B.

Mayes's claims under the Eighth Amendment also must be dismissed. The Eighth Amendment bans cruel and unusual punishment that involves "the unnecessary and wanton infliction of pain." *Hudson v. McMillan*, 503 U.S. 1, 5, 112 S.Ct. 995, 998 (1992) (quotation omitted); *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995). It is well-established that "'deliberate indifference to serious medical needs' constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291 (1976) (quotation omitted).

To sustain an Eighth Amendment claim of "deliberate indifference to serious medical needs," a prisoner must satisfy two criteria. First, he must demonstrate that the medical needs were "serious" and required attention that adhered to "contemporary

5

standards of decency." *Hudson*, 503 U.S. at 9, 112 S.Ct. at 1000. Second, he must establish that defendants were "deliberately indifferent to those needs." *Id.* "Deliberate indifference" exists when "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* In other words, this criteria is satisfied when a prison official acts with criminal recklessness, i.e., when he or she "consciously disregard[s] a substantial risk of serious harm." *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994) (quotation omitted). As the Supreme Court explained in *Farmer*:

> The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Farmer*, 511 U.S. at 837-38, 114 S.Ct. at 1979 (citations omitted).

Mayes's statement of facts does not allege any conduct that could be construed as demonstrating deliberate indifference to his medical needs. He does not allege that the medical staff "consciously disregard[ed] a substantial risk of serious harm." *Brooks*, 39 F.3d at 128. The factual allegations in his Complaint, at most, support only an inference of negligence. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*,

429 U.S. at 106. Rather, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second-guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). A difference of opinion between a prisoner and the treating physician over diagnosis or treatment fails to state an Eighth Amendment claim of deliberate indifference to a serious medical need. *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 357 (6th Cir. 2006). Thus, Mayes fails to state a claim upon which relief may be granted.

IV.

For the reasons stated, the Court concludes that Mayes has failed to state a claim upon which relief may be granted and that his Civil-Rights Complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

Additionally, the Court concludes that an Appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

IT IS SO ORDERED.

          S/Denise Page Hood
          Denise Page Hood
          United States District Judge

Dated: January 9, 2013

I hereby certify that a copy of the foregoing document was served upon Iyan Mayes #524506, 3855 Cooper Street, Jackson, MI 49201 and counsel of record on January 9, 2013, by electronic and/or ordinary mail.

                                 S/LaShawn R. Saulsberry
                                 Case Manager